UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN,<br>　　　　　Petitioner,<br>　　v.<br>DISTRICT ATTORNEY,<br>　　　　　Respondent. | Case No. 22-cv-05609-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. Nos. 15, 16 |

Bruce Brown, a pro se state prisoner, filed a habeas petition under 28 U.S.C. § 2254. Respondent filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations and is procedurally defaulted. Brown filed an opposition, and respondent filed a reply. The petition is dismissed.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

**Background**

Brown pleaded no contest to carjacking in 2008 and was sentenced on August 20, 2010. Motion to Dismiss ("MTD") Ex. A at 3. Brown did not appeal his conviction. Dkt. No. 1 at 5.

In 2017, Brown filed a habeas petition in the superior court that was denied on September 13, 2017. MTD, Ex. A at 7. On October 16, 2017, Brown filed a habeas petition in the California Supreme Court, which was denied on December 20, 2017, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). MTD, Ex. B. Brown filed this federal petition on September 1, 2022. Dkt. No. 1 at 6.

**Discussion**

Brown had sixty days after sentencing, or until October 19, 2010, to file a notice of appeal. *See* Cal. Pen. Code § 1237.5 (providing that no appeal shall be taken upon a plea of no contest, except where the defendant has applied for and been granted a certificate of probable cause); Cal. Rules of Court 8.308(a) (providing that a notice of appeal and statement required by Cal. Pen. Code § 1237.5 must be filed within 60 days of the judgment). He did not, and so a federal petition was due by October 19, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitations period according to Federal Rule of Civil Procedure 6(a)). This petition filed on September 1, 2022, nearly eleven years later.

Brown's state habeas petitions were filed in 2017, six years after the expiration of the statute of limitations. Brown will not receive statutory tolling for these petitions because they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely absent equitable tolling.

Brown was advised that his petition appeared to be untimely by many years, and he was provided a lengthy extension to address this issue. He filed an opposition but only presented general arguments for equitable tolling.

The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in some circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Brown notes that he is acting pro se, but a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Brown also says that he has been diagnosed with post-traumatic stress disorder and is bi-polar, paranoid, manic depressive and at one point was a in drug-induced "psychosis". Dkt. No. 21 at 2. Equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted); *see also Orthel v. Yates*, 795 F.3d 935, 941 (9th Cir. 2015) (affirming dismissal of petition where substantial evidence showed that, despite fluctuations in mental health, the petitioner was competent and capable in the year following the date on which state court judgment became final, and during much of the eleven-year span between final judgment and filing of his federal petition).

3

1     Brown has not met his burden. Nothing in the record indicates that Brown was
2  incompetent for eleven years, or otherwise incapable of filing a timely petition. Respondent
3  submitted Brown's mental health records and presented a detailed discussion of his medical
4  history. In pertinent part, between 2010 and 2022, Brown was diagnosed at different times with
5  depression, post-traumatic stress disorder, antisocial personality disorder, mood disorder, bipolar
6  disorder, schizoaffective disorder, schizophrenia, polysubstance dependence and substance
7  induced psychosis. Reply, Ex. 1 at 78, 169, 178, 188, 209, 229, 280, 508, 868-82. Even so, the
8  records demonstrate that these mental health conditions were effectively treated with medication.
9  *See id*. at 172, 202, 206, 215, 257-58, 260-61, 263-70, 278-80, 312-13, 316-17, 422-24, 430-34,
10 446-50, 453, 508-12. Neither the conditions nor the medications interfered with his normal
11 intellectual functioning and understanding. *See id*. at 76-77, 79, 168, 175, 177, 184, 186, 194,
12 197, 200, 203, 206, 210, 212, 216, 219, 221-23, 225, 228, 230, 278-80, 316-19, 348-52, 359-61,
13 363, 370-71, 390, 395, 397-98, 408, 419-34, 493, 508.

14    In addition, Brown was never classified as more than mildly impacted by the California
15 Department of Corrections and Rehabilitation (CDCR). The CDCR's program for mental health
16 has four levels of mental health treatment, which include (in order from the lowest to highest level
17 of treatment), the Correctional Clinical Case Management System ("CCCMS"), the Enhanced
18 Outpatient Program, the Mental Health Crisis Bed, and the California Department of Mental
19 Health. *Hughes v. Harris*, 2014 WL 4832357, at *3 (N.D. Cal. 2014). The level of care for an
20 inmate is based upon his level of functioning. An inmate's level of functioning is determined by
21 the severity of his symptoms, his ability to conduct self-care, his ability to participate in activities
22 of daily living, and his general adaptation to the prison environment. *Id*.

23    Brown has remained in the lowest level of mental health care, CCCMS and has mostly
24 resided in the general population. Reply, Ex. 1 at 76, 168, 175, 177, 184, 187, 194, 197, 199, 202,
25 206, 209, 212, 219, 225, 278, 358-61, 364, 434, 493, 522-24, 527-28.

26    The Court's review of the mental health records shows that between 2010 and 2022 Brown
27 at times experienced mental health episodes and hardships but also experienced many extended
28 periods of good health. For example, in October 2013, he reported feeling fine, his medications

4

1    had good results, and that he was writing a novel and had written over 170 pages. Reply, Ex. 1 at

2    316-17. In February 2014, he continued to feel fine and work on his book. *Id*. at 312-13, 411-16.

3    While there were fluctuations in Brown's mental health and short periods of time where Brown

4    was potentially mentally impaired that would entitle him to equitable tolling, the records do not

5    demonstrate a mental impairment that would allow for eleven years of tolling.

6         In 2017, during the time Brown states that he was experiencing mental difficulties, he was

7    able to file a pro se habeas petition in the California Supreme Court. On June 26, 2017, he filed a

8    pro se products liability suit in Sacramento County Superior Court that was removed to federal

9    court. *Brown v. Johnson & Johnson, Inc*., No. 17-cv-1285 AWI EPG (E.D. Cal.). He filed

10   numerous pleadings, attended telephonic status conferences and engaged in discovery until

11   summary judgment was granted to defendant in 2019. He also filed a pro se civil rights lawsuit

12   against CDCR on August 25, 2020. *Brown v. CDCR*, No. 20-1197 AWI EPG. Whether a prisoner

13   has been able to file a prior state habeas petition is a factor in determining whether he was unable

14   to timely file a petition in federal court, unless the prisoner has shown a significant change in

15   conditions since the filing of that application. *See Gaston*, 417 F.3d at 1034-35. Brown's

16   litigation history of habeas petitions and civil cases demonstrates that he had the ability to petition

17   the Court for relief. *See Polk v. Hill,* 700 F. App'x 688, 689 (9th Cir. 2017) (unpublished)

18   (petitioner's "extensive filings in other cases during the limitations period belie her equitable

19   tolling arguments").

20        Even assuming Brown was suffering from a mental impairment from 2010 to 2017, that

21   entitled him to equitable tolling for that period, this case is still untimely. Brown does not address

22   why it took nearly five years after the denial by the California Supreme Court in 2017, to file the

23   instant petition when he was able to litigate other federal cases. Brown is not entitled to equitable

24   tolling and the petition is untimely.[1] When, as here, a prisoner does not establish "any causal

---

[1] To the extent Brown seeks a later start date of the statute of limitations due to the discovery of new evidence, any such request is meritless. Brown includes a letter from his trial counsel dated August 4, 2017. Dkt. No. 1 at 7. The letter states that had trial counsel been aware that Brown suffered from post-traumatic stress disorder, different decisions may have been made. *Id*. This evidence could have been discovered much earlier and regardless; Brown still waited nearly five years to file this instant federal petition after discovering this evidence and the denial of his

connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

**CONCLUSION**

1. Respondent's motion to dismiss (Dkt. No. 15) is granted and this case is dismissed with prejudice.[2] The Clerk is requested to close this case. Petitioner's motion to dismiss the case without prejudice to cure the deficiencies in the petition (Dkt. No. 16) is denied because the petition is untimely and cannot be cured.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding and the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: September 6, 2023

JAMES DONATO
United States District Judge

---

petition to the California Supreme Court.
[2] Because the petition is untimely the Court will not address the procedural default argument.